**In re JENSEN, Lana M., Debtors.**

**Bankruptcy No. 92–00694–7.**

United States Bankruptcy Court, D. Idaho.

May 19, 1992.

Lana M. Jensen, pro se.

Marilyn Schwam, Schwam Law Firm, Moscow, Idaho, for American General Finance.

### SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

The debtor has moved to avoid the lien of American General Finance in her real and personal property. American General Finance objects to the motion.

■ American General Finance holds a security interest in the debtor's television set, VCR and mobile home as security for a personal loan in the amount of $4,902.25. The debtor has claimed all the items as exempt.

The debtor is correct in asserting she may exempt the T.V. and VCR as personal property under Idaho Code § 11–605. Because the lien on these items is not a purchase money security interest the lien may be avoided under 11 U.S.C. § 522(f)(2)(A). Section 522(f)(2)(A) allows the debtor to avoid a lien on exempt property if the lien is a nonpossessory, nonpurchase-money security interest in household furnishings.

■ As to the exemption for the mobile home, Idaho Code § 55–1003 provides for a homestead exemption of up to $30,000 in value. Idaho Code § 55–1001 defines a homestead to include a mobile home and further states: "A mobile home may be exempted under this chapter whether or

**2.** I.R.C.P. 13(a).

not it is permanently affixed to the underlying land and whether or not the mobile home is placed upon a lot owned by the mobile home owner."

A recent United States Supreme Court case, *Owen v. Owen*,[1] held a judicial lien could be avoided under 11 U.S.C. § 522(f) if it impairs an exemption to which the debtor would otherwise be entitled. The Court based its holding on the language of § 522(f) which states "... to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section ..." and held that when a judicial lien impairs an exemption to which the debtor would have been entitled to but for the lien, the lien may be avoided.

However, the present case is distinguishable from *Owen* since the debtor, Ms. Jensen, voluntarily gave American General a security interest in the mobile home. The lien arose from an agreement between the parties rather than through a judgment. The debtor freely consented to imposition of the lien upon her mobile home. The lien is thus not avoidable under Section 522(f).

Accordingly, it is hereby,

ORDERED:

The motion of the debtor to avoid the lien of American General Finance in her T.V. and VCR is granted.

The motion of the debtor to avoid the lien of American General Finance in her mobile home is denied.

---

1. —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).